HANNAH Y. MILLER, PLAINTIFF, v. WILLARD J. WIL-
LIAMS, DEFENDANT.

· Submitted October 16, 1925—Decided January 21, 1926.

**Ejectment—Question Involved the Existence of a Particular
Monument at the Time the Deed From the Plaintiff to the
Defendant Was Executed—All Questions Were Those of
Fact, and the Evidence, in Substantial Contradiction, Was
Not Sufficient to Justify the Conclusion That the Judgment
For the Defendant Was Against the Weight of Evidence
or That the Jury Disregarded Its Duty.**

On plaintiff's rule to show cause.

Before Justices PARKER, MINTURN and BLACK.

For the plaintiff, *Joseph M. Roseberry & Son.*

For. the defendant, *John H. Dahlke.*

PER CURIAM.

This was an ejectment suit, and, although several reasons
were assigned for making the rule absolute, substantially
only one is argued, and that is that the verdict was against
the weight of the evidence. The question for consideration
by the jury was, in substance, whether an alleged monument
described as "a stake and pile of stones" was in existence at
the time the deed from the plaintiff to the defendant was
executed, and, if so, was at the point claimed in the testi-
mony for the plaintiff. The judge properly instructed the
jury that if the monument was in existence, it would control
the second course with relation to direction and distance, but
if not, the course and distance stated in the deed would con-
trol. Plaintiff claimed that defendant, after receiving his
deed, had fenced to a line based on this alleged monument,
and had, subsequently, reset his fence some distance on land
not conveyed to him. Defendant admitted resetting the
fence, but claimed that it had been set in the wrong place at

first by mistake, and that the resetting was a mere correction of the line, and denied that such line had been fixed by any such monument as claimed by plaintiff, or that he had, subsequently, removed the same as plaintiff alleged.

These were all questions of fact which were properly submitted to the jury; the evidence was in substantial contradiction, and we are unable to say that the verdict of the jury, which evidently adopted the defendant's theory of the facts, was so greatly against the weight of evidence as to show that the jury disregarded its duty in the premises.

The rule to show cause will, accordingly, be discharged.